948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles P. HOLLOWAY, Plaintiff-Appellant,
v.
Donald MASON, Deputy Warden; Michael Crump, Sergeant;
Teresa Sanders, Corrections Officer; Geraldine Nowak
Robinson, Corrections Officer; Sandra Shaw, Corrections
Officer; Anita Cotton, Corrections Officer; Ellen Dutka,
Corrections Officer; C. Barkley, Corrections Officer; MS.
Beemon, Corrections Officer, Defendants-Appellees.
 No. 91-1929.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, JR., Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's summary judgment in favor of the defendants in this prisoner civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, Charles P. Holloway sued the defendant state prison officials in their individual and official capacities alleging a violation of his Fourth and Fourteenth Amendment rights. Specifically, Holloway alleged that the shower stalls at the Ionia Correctional Facility (ICF) are open cages which allow female guards to fully view male inmates. He also challenged female guards' ability to peer into his cell window without notice, thus depriving Holloway of his right to masturbate and perform bodily functions in privacy.
 
 
 4
 Defendants filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), claiming that Holloway failed to state a cause of action upon which relief could be granted. In the alternative, defendants moved for summary judgment claiming that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. See Fed.R.Civ.P. 56. Holloway also filed a motion for summary judgment. The district court, in granting defendants' motion for summary judgment, concluded that Holloway's right to privacy had not been violated.
 
 
 5
 On appeal, Holloway reasserts his claims. Additionally, he challenged the policy of the prison authorities at ICF allowing female guards to patrol areas of the prison that provide routine view of toilets in the individual cells and of the shower areas. He also requests the appointment of counsel.
 
 
 6
 Initially, it is noted that Holloway did not challenge the validity of the prison policy in the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). No exceptional circumstances exist in this case. Thus, this claim will not be addressed.
 
 
 7
 Upon review, we conclude that the record supports the district court's decision that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Female guards' ability to peer into Holloway's cell window without prior notice does not constitute an infringement on Holloway's constitutional rights. The undisputed evidence reveals that all unit officers are required to make security rounds at least every 30 minutes to verify a secure, living inmate in each cell. Prisoner safety and security are legitimate penological interests. See Whitney v. Brown, 882 F.2d 1068, 1073 (6th Cir.1989). Thus, the defendants are entitled to judgment as to this claim.
 
 
 9
 Holloway's assertion that the shower stalls at ICF are open cages which allow female guards to fully observe naked male inmates showering fails to create a genuine issue of material fact in light of the evidence that reasonable efforts are made to accommodate inmate privacy. See Kent v. Johnson, 821 F.2d 1220, 1226-27 (6th Cir.1987). Additionally, Holloway failed to respond to the defendants' showing of the existence of alternative means by which he could have enjoyed bodily privacy. It is well-established that a party may prevail upon a summary judgment motion based upon a showing of a nonmovant's lack of proof. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989).
 
 
 10
 Accordingly, the request for counsel is denied and the district court's judgment affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation